# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JAMES WILLIAMS, IV,**

      **Plaintiff,**

  v.

**WILMINGTON POLICE DEPT.,**
*et al.*,

      **Defendants.**

**Case No. 2:22-cv-3814**
**Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

### I.    DISMISSAL FOR FAILURE TO PROSECUTE

Plaintiff, James Williams, IV, an Ohio state inmate proceeding without the assistance of counsel, brings this action against numerous state law enforcement and court officials. Plaintiff commenced this action on October 26, 2022, without either paying the $402.00 filing fee or moving for leave to proceed *in forma pauperis*. (ECF No. 1.) The Court determined on November 3, 2022, that any motion that Plaintiff might file for leave to proceed *in forma pauperis* would be denied due to Plaintiff's "three-striker" status under 28 U.S.C. § 1915(g) and the absence of any plausible allegations that would satisfy the statutory exception for prisoners who are "under imminent danger of serious physical injury." (ECF No. 7.) Plaintiff was accordingly ordered to pay the $402.00 filing fee within 30 days. (*Id.*) Plaintiff was

further cautioned that "failure to timely pay the full $402 fee within thirty days will result in the dismissal of this action." (*Id.*)

To date, Plaintiff has failed to comply with the Court's Order of November 3, 2022. He has neither paid the filing fee nor requested an extension of time to do so.[1] Under the circumstances presented in the instant case, the Court dismisses Plaintiff's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The United States Court of Appeals for the Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

---

[1] Plaintiff did file a document on November 14, 2022, asserting that the filing fee had been paid in full in this and numerous of his other pending cases in this Court. (ECF No. 8.) However, the Clerk's Office has no record of receiving payments for filing fees in this case or any of Plaintiff's other cases.

2

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to comply with the Court's Order instructing him to pay the $402 filing fee. (*See* ECF No. 7.) Moreover, the Court explicitly cautioned Plaintiff that failure to comply would result in dismissal of this action. (*Id.*) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear order of the Court, which established a reasonable deadline for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed this deadline and disregarded the Court's orders, the Court concludes that no alternative sanction would protect the integrity of the pretrial process.

Accordingly, this action is **DISMISSED WITH PREJUDICE** under Rule 41(b).

## II. VEXATIOUS LITIGATOR FILING RESTRICTIONS

Federal courts may take steps necessary to "protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 10, 2007). Furthermore, the Sixth Circuit has upheld prefiling restrictions against vexatious prisoner litigators. *See Chance v. Todd*, 74 F. App'x 598, 600 (6th Cir. 2003) (upholding requirement for a § 1915(g) "three-striker" prisoner to file, along with any future complaint, an affidavit outlining facts that demonstrate an imminent danger of serious physical injury to satisfy § 1915(g)'s exception to the bar against proceeding *in forma pauperis*); *Shephard v. Marbley*, 23 F. App'x 491, 493 (6th Cir. 2001) (upholding requirement that a prisoner obtain judicial authorization before commencing any new actions).

This action is the thirteenth of twenty-six actions that Plaintiff has commenced in this Court since August 2022. Four of those actions have been dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e). (*See* Case Nos. 2:22-3364, 2:22-cv-3383, 2:22-cv-3440, 3:22-cv-288). Another three of Plaintiff's actions have been dismissed for lack of subject-matter jurisdiction. (*See* Case Nos. 2:22-cv-3363, 3:22-cv-257, 3:22-cv-280). This action has just been dismissed for failure to prosecute after failing to timely pay the filing fee, and in eleven other actions, Plaintiff's motion for leave to proceed *in forma pauperis* was denied due to his "three-striker" status under § 1915(g), and his time to pay the filing fee has now expired. (*See* Case Nos. 1:22-cv-483, 3:22-cv-256, 3:22-cv-300,

4

2:22-cv-3813, 2:22-cv-3815, 2:22-cv-3816, 2:22-cv-3817, 2:22-cv-3818, 2:22-cv-3820, 2:22-cv-3821, 2:22-cv-3827). In the remaining seven actions, the magistrate judge has recommended denial of Plaintiff's motion for leave to proceed *in forma pauperis* (Case No. 1:22-cv-479), Plaintiff's motion for leave to proceed *in forma pauperis* has been denied, but his time to pay the filing fee has not yet expired (Case Nos. 2:22-cv-3931, 2:22-cv-3933, 2:22-cv-4022, 2:22-cv-4023), or the magistrate judge has recommended dismissal of Plaintiff's habeas petitions (Case Nos. 2:22-cv-3822, 2:22-cv-4205). The majority of these actions overlap with at least one other of Plaintiff's actions, advancing duplicative claims against the same Defendants.

Given the twenty-six actions filed by Plaintiff in a four-month period, none of which appear likely to advance beyond Plaintiff's initial filings, Plaintiff is **DEEMED TO BE A VEXATIOUS LITIGATOR** and is hereby **ENJOINED** from filing any new actions in this Court without either:

(a) Paying the applicable filing fee in full at the time of commencing the action; or

(b) Obtaining leave of Court. To obtain leave of Court, Plaintiff must file, along with any future complaint, a declaration, of a **MAXIMUM LENGTH OF TWO PAGES**, signed under penalty of perjury pursuant to 28 U.S.C. § 1746, which sets forth facts demonstrating an imminent danger of serious physical injury to satisfy § 1915(g)'s exception to the bar against proceeding *in forma pauperis*.

Any complaint submitted by Plaintiff to the Court without complying with either (a) or (b) above will not be filed and will be immediately returned to Plaintiff for failure to comply with this Order.

The Clerk of Court is **DIRECTED** not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further action submitted by

Plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district.

Finally, the Court **ORDERS** Plaintiff not to file any further documents in this case and **DIRECTS** the Clerk to accept no further filings from Plaintiff in this case, with the exception of any notice of appeal.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**